[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 20-13919
Non-Argument Calendar

————————————————

D.C. Docket No. 6:01-cr-00004-JRH-CLR-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GENERAL LEE JOHNSON, III,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Georgia

————————————————

(August 20, 2021)

Before WILSON, JILL PRYOR, and TJOFLAT, Circuit Judges.

PER CURIAM:

General Lee Johnson, III, proceeding *pro se*, appeals the District Court's denial of his motion for compassionate release, filed pursuant to 18 U.S.C. § 3852(c)(1)(A). He argues that the District Court erred by finding that it could not consider an extraordinary and compelling circumstance outside of the Sentencing Guidelines policy statement. And he claims for the first time on appeal that the change in the mandatory minimum sentences for his convictions warranted a sentence reduction. Neither of these arguments is convincing, and the District Court did not err by denying Johnson's motion.

Below, Johnson also contended that the COVID-19 pandemic was an extraordinary and compelling circumstance warranting his compassionate release. The District Court disagreed. But because he does not raise that argument on appeal, he has abandoned it. We accordingly affirm.

## I.

Back in 2001, a grand jury in the Southern District of Georgia indicted Johnson on one count of conspiracy to commit armed bank robbery (Count 1), four counts of bank robbery while assaulting the tellers with a dangerous weapon (Counts 2, 4, 6, and 8), and four counts of possessing a firearm during a crime of violence (Counts 3, 5, 7, and 9). He pled guilty to Counts 1, 2, 3, 5, 6, and 8, but Counts 4, 7, and 9 were dismissed. The District Court sentenced Johnson to 370 months' imprisonment.

Nearly twenty years later, in July 2020, Johnson filed a *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Johnson stated that he was filing for compassionate release based on his vulnerability to contract COVID-19 while imprisoned. Though Johnson had filed a request with the Warden, that request was denied because the Warden determined that Johnson did not meet the criteria for compassionate release. So, before the District Court, Johnson argued that the compassionate release statute permitted the Court to grant him relief and that case law—at least at that time—suggested that the District Court had the same discretion as the Bureau of Prisons ("BOP") to independently evaluate whether a defendant has demonstrated an extraordinary and compelling reason for his release. He then claimed that, among other things: (1) the COVID-19 pandemic posed a particular threat to those in prison because of the general lack of hygiene and quality medical care, and overcrowding; (2) 156 inmates and 16 staff in the prison had contracted COVID-19 as of July 20, 2020; (3) he lived in a dorm-like setting with 70 other inmates who were unable to social distance; (4) one dorm-mate died recently, possibly due to COVID-19; (5) the 18 U.S.C. § 3553(a) factors supported a sentence reduction in his situation because he was non-violent and posed little risk of recidivism; and (6) he had served approximately three-quarters of his 370-month sentence, had shown remorse, and had turned his life

3

around for good and earned his GED and a college certificate while in prison.  So, Johnson asked for a reduced sentence of 260 to 275 months.

In support of his motion, Johnson attached a few documents, including a safety plan that detailed how he would protect himself from COVID-19, a "Re-entry/Release plan" that outlined where he would live and work, an Individualized Reentry Plan that showed his work and disciplinary history, and the Warden's response to his request for compassionate release.

The District Court denied Johnson's motion.  To start, the Court noted that Johnson did not claim that he had any special family circumstance, and because he was 45 years old, the Court was left to consider only whether Johnson had a qualifying medical condition under U.S.S.G. § 1B1.13—the relevant policy statement.  But Johnson merely expressed generalized concerns about COVID-19, and the Court reasoned that his concern about its spread in prison alone could not justify compassionate release.  The District Court concluded by noting that the catch-all provision of § 1B1.13 required a determination by the Director of the BOP, and the Court would therefore not consider circumstances outside of those listed in the policy statement.

Johnson appealed.  He first disagrees with the District Court's conclusion that the First Step Act does not allow the Court to consider whether an extraordinary and compelling reason existed outside of those listed in U.S.S.G.

4

§ 1B1.13. In other words, Johnson believes that the compassionate release provisions grant the Court the same discretion they do the BOP. He then argues—for the first time—that the elimination of harsh mandatory sentences and the passage of the First Step Act are extraordinary and compelling reasons for a sentence reduction. And if he is entitled to a sentence reduction, he contends that the 18 U.S.C. § 3553(a) factors support a reduction in his case from his 370-month sentence to the 240 months that he has already served.

In response, the Government states that Johnson has abandoned his claim that the COVID-19 pandemic was an extraordinary and compelling reason for granting compassionate release. Alternatively, even if the argument is not abandoned, the Government argues that the District Court did not abuse its discretion in concluding that COVID-19 was not an extraordinary and compelling reason. And because Johnson's claim that his unfair sentence and post-conviction rehabilitation were extraordinary and compelling reasons justifying his compassionate release was not administratively exhausted, the Government contends that the District Court did not plainly err in denying the motion.

Johnson did not file a reply brief.

## II.

We review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir.

2021). A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes clearly erroneous factual findings. *United States v. Barrington*, 648 F.3d 1178, 1194 (11th Cir. 2011).

We review arguments raised for the first time on appeal only for plain error. *United States v. Lange*, 862 F.3d 1290, 1293 (11th Cir. 2017). To establish plain error, the defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights. *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007). If the defendant satisfies these conditions, we may exercise our discretion to recognize the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

And an appellant's failure to plainly and prominently raise an issue on appeal by not "devot[ing] a discrete, substantial portion of his argumentation to that issue" abandons the issue. *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003). While briefs by *pro se* litigants are construed liberally, issues that a *pro se* litigant does not brief are deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

### III.

We'll break down Johnson's arguments into three parts. First, we'll discuss Johnson's claim—raised below but not on appeal—that the COVID-19 pandemic

was an extraordinary and compelling reason to grant his compassionate release. Then, we'll move to Johnson's argument that the District Court is not constrained by the reasons listed in U.S.S.G. § 1B1.13. And, to wrap up, we'll address Johnson's contention that the elimination of harsh mandatory sentences constitutes an extraordinary and compelling reason for a sentence reduction.

## A.

In the District Court, Johnson argued that the COVID-19 pandemic was a "national health emergency" that posed a particular threat to inmates due to the manner in which they are housed, overcrowding, and "the general lack of hygiene and quality medical care." The pandemic was, Johnson contended, an extraordinary and compelling reason for granting him compassionate release.

But Johnson does not renew that argument on appeal—indeed, his lone appellate brief fails to mention it at all. Though we must read briefs filed by *pro se* litigants liberally, issues not brief by a *pro se* litigant on appeal are still considered abandoned. *Timson*, 518 F.3d at 874. Johnson has accordingly abandoned his claim that the COVID-19 pandemic was an extraordinary and compelling reason for granting him compassionate release.

## B.

Now, we'll shift to Johnson's argument that the District Court is not constrained by the extraordinary and compelling reasons listed in U.S.S.G. § 1B1.13.

First, the fundamentals. It is well established that a district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015). Prior to the First Step Act, 18 U.S.C. § 3582(c)(1)(A) allowed the district court to reduce a prisoner's term of imprisonment upon motion of the Director of the Bureau of Prisons, after considering the factors set forth in § 3553(a), if it found that extraordinary and compelling reasons warranted such a reduction. 18 U.S.C. § 3582(c)(1)(A) (effective Nov. 2, 2002, to Dec. 20, 2018). The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow the court to reduce a defendant's term of imprisonment also upon motion of the defendant, after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. *See* First Step Act § 603; 18 U.S.C. § 3582(c)(1)(A). The court must find that extraordinary and compelling reasons warrant such a reduction, consider the § 3553(a) factors "to the extent that they are applicable," and find that a reduction is consistent with applicable policy statements issued by the Sentencing

Commission. *Id.* The exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A) is not jurisdictional. *Harris*, 989 F.3d at 911.

The policy statements applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13, which, notably, has not been amended since the First Step Act was passed and refers only to a sentence reduction upon a motion from the BOP Director. *See* U.S.S.G. § 1B1.13. The commentary to § 1B1.13 states that extraordinary and compelling reasons exist under any of the circumstances listed, provided that the court determines that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). *See id.* § 1B1.13 & comment. (n.1). The commentary lists a defendant's medical condition, his age, and family circumstances as possible "extraordinary and compelling reasons" warranting a sentence reduction. *Id.* § 1B1.13, comment. (n.1). The commentary also contains a catch-all provision for "other reasons," which provides that a prisoner may be eligible for a sentence reduction if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the other specific examples listed. *Id.*, comment. (n.1(D)).

We recently held in *United States v. Bryant* that U.S.S.G. § 1B1.13 "is an applicable policy statement that governs all motions under Section 3582(c)(1)(A)" and, accordingly, "district courts may not reduce a sentence under Section

3582(c)(1)(A) unless a reduction would be consistent with 1B1.13." *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). We further held in *Bryant* that § 1B1.13 governs a motion for compassionate release—whether it is filed by the BOP or by a prisoner—and that a district court cannot "develop 'other reasons' that might justify a reduction in a defendant's sentence." *Id.* at 1248. So, a district court is stuck with the three considerations listed in U.S.S.G. § 1B1.13, while the discretion to determine whether "other reasons" exist under the fourth "catch-all" provision is left to the discretion of the BOP. *Id.* at 1248, 1263.

But Johnson—whose appeal was filed before we decided *Bryant*—argues otherwise. Specifically, he claims that the District Court is not constrained by "the three examples in the application notes to § 1B1.13," and he cites a number of cases from our sister circuits in support. But in this Circuit, *Bryant* now controls, and the District Court thus did not abuse its discretion by declining to consider circumstances beyond those expressly listed in § 1B1.13.

## C.

Finally, we turn to Johnson's contention that the elimination of harsh mandatory sentences and the passage of the First Step Act constitute an extraordinary and compelling reason for a sentence reduction. Because Johnson raises this argument for the first time on appeal, we review it for plain error.

10

*Lange*, 862 F.3d at 1293.  And the District Court did not plainly err for at least two reasons.

To start, it does not appear the Johnson exhausted his administrative remedies for this claim.  Johnson's request for a reduced sentence to the BOP was grounded in "being potentially exposed to, or possibly contracting, COVID-19." But before this Court, he claims for the first time that the District Court should have considered the elimination of harsh mandatory sentencing an extraordinary and compelling reason for reducing his sentence.  Because he did not raise that claim before the District Court, it is not administratively exhausted, *see Woodford v. Ngo*, 548 U.S. 81, 89 (2006), and the District Court did not plainly err in denying Johnson's motion.

But even assuming Johnson exhausted the claim, there is a second problem: a change in harsh mandatory sentencing is not one of the three considerations listed in U.S.S.G. § 1B1.13.  As discussed in part III.B, courts in this Circuit are bound to consider only the three criteria listed in the Application Notes to § 1B1.13.  So, the District Court could not have plainly erred by failing to take into account factors it is flatly forbidden from considering.

IV.

For the foregoing reasons, the District Court's denial of Johnson's motion for compassionate release is affirmed.

**AFFIRMED.**